LAW LIBRARY

NO. 29619

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

K. HAMAKADO CLERK, APPELLATE COURTS STATE OF HAWAIʻI

2010 MAY 24 AM 7:55

FILED

JAMES D. RATHBUN, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS,
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(JR. NO. 1DAA-08-0013; Original Case No. 08-04532)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley, and Fujise, JJ.)

Petitioner-Appellant James D. Rathbun (Rathbun) appeals from the Judgment on Appeal (Judgment) entered on January 5, 2009, by the District Court of the First Circuit (district court).[1] The district court affirmed the administrative revocation of Rathbun's driver's license by Respondent-Appellee Administrative Director of the Courts, State of Hawaiʻi (Director), acting through a hearing officer of the Administrative Driver's License Revocation Office (ADLRO).

On appeal, Rathbun argues that: 1) the district court erred in determining that the findings of fact by the ADLRO hearing officer were legally sufficient to support his conclusions that Rathbun a) refused to submit to testing and b) did so after having been informed of the applicable sanctions for refusing to be tested; and 2) the district court erred in affirming the revocation of Rathbun's driving privileges. Rathbun also asserts that he received inaccurate and misleading information prior to being asked if he would submit to testing.

---

[1] The Honorable William A. Cardwell presided.

We affirm the district court. The hearing officer, acting on behalf of the Director, sustained the administrative review decision to revoke Rathbun's license on the alternative grounds that Rathbun refused to submit to testing and that he operated his vehicle while under the influence of an intoxicant. The determination that Rathbun operated his vehicle while under the influence of an intoxicant provided an independent basis to revoke his license. We hold that the hearing officer's determination that Rathbun was driving his vehicle while under the influence of an intoxicant was supported by sufficient evidence in the record and adequate findings made by the hearing officer. This holding renders it unnecessary for us to address the issues relating to Rathbun's alleged refusal to submit to testing. See Hawaii Revised Statutes (HRS) § 291E-38(e)(3) (2007); Castro v. Admin. Dir. of the Courts, 97 Hawai'i 463, 470-71, 40 P.3d 865, 872-73 (2002); Spock v. Admin. Dir. of the Courts, 96 Hawai'i 190, 193-194, 29 P.3d 380, 383-384 (2001).

The evidence presented and the factual findings made by the hearing officer support the hearing officer's conclusion that, by a preponderance of the evidence, Rathbun drove his vehicle while under the influence of an intoxicant. The factual findings supporting the hearing officer's conclusion included:

1. A witness saw Rathbun's vehicle drift across the yellow median lane and observed that Rathbun's vehicle did not appear to attempt to avoid the collision with the vehicle traveling in the opposite direction.

2. Rathbun indicated that he did not know how the accident occurred.

3. Officer Davidson "noted a strong odor of alcohol on [Rathbun's] breath and that his eyes appeared to be red and glassy."

4. Officer Padilla also noted a strong odor resembling alcohol emitting from Rathbun's breath and that Rathbun's eyes were red and glassy.

5. "During the [Horizontal Gaze Nystagmus] test, it was noted that [Rathbun's] eyes lacked smooth pursuit (of the stimulus) and demonstrated distinct nystagmus."

6. Rathbun was uncooperative after agreeing to participate in the standardized field sobriety test.

Rathbun did not challenge any of these factual findings on appeal and thus we are bound by them. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002).

The circumstances of an accident are relevant to a determination of whether or not a driver was operating a vehicle while under the influence of an intoxicant. See State v. Mitchell, 94 Hawai'i 388, 400, 15 P.3d 314, 326 (App. 2000). Evidence that Rathbun's vehicle was seen drifting into another lane, that he collided with an oncoming vehicle, that he was at fault in the collision, and that he could not remember how the accident had occurred supports the conclusion that Rathbun was driving his vehicle under the influence of an intoxicant. The observations of the police officers who were involved in the investigation provide further support for this conclusion. The strong odor of alcohol emanating from Rathbun, his red and glassy eyes, and his erratic behavior before and after his arrest are consistent with his being under the influence of an intoxicant.

The evidence in the record supports the hearing officer's findings and his determination that Rathbun operated his vehicle while under the influence of an intoxicant. Rathbun's operation of his vehicle while under the influence of an intoxicant provides a sufficient basis, independent of whether Rathbun refused to submit to testing, to justify the administrative revocation of Rathbun's license and for this court

to affirm the district court.  <u>See</u> HRS § 291E-38(e)(3); HRS § 291E-40 (2007); <u>Castro</u>, 97 Hawaiʻi at 470-71, 40 P.3d at 872-73.

The January 5, 2009, Judgment of the district court is affirmed.

DATED: Honolulu, Hawaiʻi, May 24, 2010.

On the briefs:

Timothy I. MacMaster
for Petitioner-Appellant

Dorothy Sellers
Solicitor General
Rebecca A. Copeland
Deputy Solicitor General
Department of the Attorney General
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge